MARION E. CROUCH and Another, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 15784.)

Court of Claims, April 27, 1928.

State — claims against — appropriation of lands by State for Barge canal terminal — proof shows that there were no freight houses or passenger stations on lands — property is in heart of industrial section and is easily accessible — award of $25,000, with interest from date of acquisition, proper — Statute of Limitations has not run against claimants.

On this claim against the State, arising from the appropriation of lands by the State for a Barge canal terminal, the proof warrants the finding that there were no freight houses or passenger stations on the lands. Switches and temporary buildings, such as a tool shop, a coal chute, a turntable, a water tower and scales do not constitute freight houses or passenger depots, though used in connection therewith.

An award of $25,000, with interest from the date of the acquisition of the lands by the State, should be made under the evidence, which shows that the property is in the heart of the industrial section in Rochester and is easily accessible.

Since no maps or notices of appropriation were ever served on claimants or their predecessors in interest, the Statute of Limitations could not run against them.

CLAIM of ownership in lands appropriated by the State for a canal terminal.

*Benton, McKay, Lewis & Bown* [*Clarence W. McKay* of counsel], for the claimants.

*Albert Ottinger, Attorney-General* [*John H. Clogston, Deputy Assistant Attorney-General,* of counsel], for the defendant.

PARSONS, J. This case has been to the Appellate Division, Fourth Department, once. (See 218 App. Div. 356.) That court disposed of practically all of the questions here involved except it returned it to this court to answer two questions: *First,* whether there were any freight houses or passenger stations located upon this land, and, *secondly,* the damages to the claimants.

We are of the opinion that that decision is binding and conclusive on this court except as to the questions remitted to us for answer.

As to question No. 1, there is not much difference of opinion as it was conceded on the trial that there were no passenger or freight depots or stations on this land. The passenger depots and freight stations were situated across the old canal feeder on other lands. True, there were switches and some temporary buildings on the land, one a tool shed where the trackmen stored their tools when not in use, and a coal chute and track leading thereto, and a turntable, water tower and scales. We do not believe that such constitute freight houses or passenger depots, although used in connection therewith, any more than the main track leading thereto.

There is some question in our minds whether the provisions of chapter 282 of the Laws of 1854, which allowed railroad corporations to acquire the fee in lands to be used for freight houses and depots, was not, at least by implication, repealed in 1876 when the law was generally amended and the provisions contained in chapter 282 of the Laws of 1854 were left out. The condemnation proceedings in this case were commenced by the Rochester and Honeoye Valley Railroad Company before the statute of 1890 went into effect and must, therefore, have been conducted under the statute of 1876 and previous statutes, so that until recent amendments of the Railroad Law, a railroad corporation could take no lands except for a public use.

As to the second question, that of damages, there is a very wide difference in the testimony of witnesses for the claimants and those for the State, so that it leaves this court to try to get somewhere between these values. This property is in the heart of the industrial section of the city of Rochester and is accessible with little difficulty. (See Laws of 1911, chap. 746.) It was appropriated from the Lehigh Valley Railroad Company, the successor in interest of the Rochester and Honeoye Valley Railroad

Company, for the construction of a terminal for Barge canal purposes. The petition of the Honeoye Valley Railroad Company in the condemnation proceedings (see record in 218 App. Div. 356) contained nothing showing that it was to be used for passenger depots or freight stations. It was condemned by the Rochester and Honeoye Valley Railroad Company against the predecessors in interest of the claimant.

The State appropriated the property from the Lehigh Valley Railroad Company on the 12th day of December, 1916, the said Lehigh Valley Railroad Company being then in possession and being the then successor in interest through various consolidations of the Rochester and Honeoye Valley Railroad Company which company originally condemned it. No maps or notices of appropriation were ever served on the claimants or their predecessors in interest so that no Statute of Limitations could run against them.

The witnesses for the claimants testified that the land was worth about one dollar per square foot at the time of the appropriation. The witnesses for the State testified that the land was worth about five to eight cents per square foot at the same time.

This court viewed the property and believes that both are wrong. We believe that the claimants who had a reversion in the property when it was changed from one public use for which it was condemned originally to another public use were damaged in the sum of $25,000 for which they are entitled to judgment together with interest thereon from the date of the appropriation by the State, to wit, December 12, 1916.

POTTER, J., concurs.